**Angela COLON GUZMAN, Plaintiff(s)**

v.

**COMMISSIONER OF SOCIAL SECURITY, Defendant(s).**

**Civil No. 03–1791 (JAG).**

United States District Court,
D. Puerto Rico.

Feb. 10, 2005.

Louis A. De Mier–LeBlanc, Hernandez Nazario & deMier LeBlanc Law Office, San Juan, PR, for Plaintiffs.

Katherine Gonzalez–Valentin, Lisa E. Bhatia Gautier, San Juan, PR, for Defendants.

## OPINION AND ORDER

GARCIA–GREGORY, District Judge.

On July 22, 2003, claimant Angela Colon Guzman ("Colon") sought review, pursuant to section 205(g) of the Social Security Act (the "Act"), 42 U.S.C. § 405(g), of a final determination rendered by the Commissioner denying her disability insurance benefits (Docket No. 1). Both parties have filed memoranda in support of their respective positions (Docket Nos. 7 & 8).

Upon review of the record, the Court concludes that the Commissioner's findings are supported by substantial evidence. Accordingly, the Court **AFFIRMS** the Commissioner's decision.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff was born on May 31, 1947. She filed an application for disability insurance benefits on October 4, 1999, alleging disability since November 11, 1997, at age 50, due to back, neck, shoulder, chest, and leg pain and depression. Plaintiff has a high-school education and performed past relevant work as an assistant librarian, office clerk, and technician for the government. The application was denied initially and on reconsideration by the Social Security Administration. On February 23, 2001, the Administrative Law Judge ("ALJ") found that plaintiff was not under a disability. On May 22, 2003, the Appeals Council denied review of the ALJ's decision, rendering it the final decision of the Commissioner, subject to judicial review.

## DISCUSSION

To establish entitlement to benefits, Colon bears the burden of proving that she became disabled within the meaning of the Act. *See, e.g., Deblois v. Secretary of HHS*, 686 F.2d 76, 79 (1st Cir. 1982). Colon may be considered disabled within the meaning of the Act only if she is unable to perform any substantial gainful work because of a medical condition that can be expected to last for a continuous period of at least 12 months. *See* 42 U.S.C. §§ 416(i)(1) & 423(d)(1). Her impairment must be so severe as to prevent her from working, not only in her usual occupation, but in any other substantial gainful work considering her age, education, training, and work experience. *See* 42 U.S.C. § 423(d)(2)(A). Evidence of a

physical impairment cannot suffice for an award of disability insurance benefits; Colon must also be precluded from engaging in any substantial gainful activity by reason of such impairment. *See, e.g., Mc-Donald v. Secretary of HHS*, 795 F.2d 1118, 1120 (1st Cir.1986). Moreover, Colon's complaints cannot provide the basis of entitlement when they are not supported by medical evidence. *Avery v. Secretary of HHS*, 797 F.2d 19, 20–21 (1st Cir.1986).

■ The findings of fact made by the ALJ "are conclusive when supported by substantial evidence, 42 U.S.C. § 405(g), but are not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts." *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir.1999). The resolution of conflicts in the evidence and the ultimate determination of disability are for the ALJ, not the courts. *See Rodriguez v. Secretary of HHS*, 647 F.2d 218, 222 (1st Cir.1981).

■ Upon review of the record and the parties' memoranda, the Court finds that the ALJ's determination is substantially supported by the record. The plaintiff argues that the ALJ erred because he found that plaintiff's allegations about her symptoms are not credible and unsupported by the record without giving an explanation. Plaintiff further argues that the ALJ erred in making an improper determination as to her Residual Functional Capacity ("RFC") without an assessment by a physician.

The Court finds, however, that plaintiff's arguments lack merit. The ALJ determined that as of the date she was last insured, March 31, 1998, the plaintiff did not have any impairments that would prevent her from performing her past relevant work. To reach this conclusion, the ALJ reviewed the reports prepared by the treating physicians and determined that

although plaintiff complained of pain she was still able to perform her job duties and care for her personal needs. Although the ALJ did discard some of the medical evidence, it pertained to plaintiff's condition after the date she was last insured and could not be considered in a finding of disability.

## CONCLUSION

For the foregoing reasons, the Court **AFFIRMS** the Commissioner's decision denying Colon disability insurance benefits. Judgment shall enter accordingly.

IT IS SO ORDERED.